NORTHCUTT *v.* STERMAN.

Sale of Land — Fraud — Misrepresentation — Failure of Title —Assignment of Note — Proper Parties — Defense — Burden of Proof.
    Where the defendant interposes the plea of fraud, misrepresentation, and failure of title in a suit by an assignee of a purchase-money note to enforce its collection the grantor or his representative is a necessary party, and the issue devolves on the defendant a burden of proving it.

APPEAL FROM GRANT CIRCUIT COURT.

September 24, 1866.

OPINION OF THE COURT BY JUDGE HARDIN:

This was an action brought by the appellee as assignee of W. B. Nall against the appellant, Northcutt, upon a note given by the

latter to Nall for $820, dated April 25, 1859, and payable 10th of March, 1861. The defendant filed his answer alleging that the consideration of the note was the remainder of the price of a tract of 441 acres of land sold to him by Nall at the price of $2,678, conveyed to him by a deed reserving no lien, but with a warranty to the effect that in case any part of the land should be recovered under another and better title, Nall would refund a due proportion of the purchase money and the legal costs incurred in resisting such recovery, and that one Lewis Myers claims about 200 acres of the land, and was in possession of it by his tenants before the sale. That this 200 acres is included within an interference of the patent boundaries of James Mosely, under whom Myers claims, and of Crittenden, under whom Nall claimed, and never was in the possession of Nall; that since his purchase he has sued Myers but " is satisfied Myers will recover of him the 200 acres." He further alleges fraud and misrepresentation on the part of Nall in making the sale, and that Nall is dead and his .estate insolvent. The answer further alleges that defendant is liable as Nall's security to Thomas S. Brown, in a note given in April, 1859, for about $300. The answer embodies certain specific interrogations to be answered by Sterman against whom it is made a cross-petition for the purpose of setting off the alleged liability to Brown, and loss by breach of said warranty against the note, but does not bring Brown or Nall or his representatives before the court. The important averments of the cross-petition are controverted by the answers of Sterman thereto, who denies both the alleged death and insolvency of Nall.

The record shows that Northcutt afterward offered to file an amended answer, which the court refused to permit, but no such abuse of judicial discretion appears to have been thus committed, as would on that account authorize a reversal in this court.

On this state of the pleadings the court gave judgment for the plaintiff, which the defendant has brought to this court for revision.

We perceive no error in the judgment. If the defendant, now appellant, had brought the necessary parties before the court on his cross-petition, which he failed to do, it might still be unnecessary for this court to determine whether the answer presents *prima facie* a defense to the action, for, assuming that it does, the issue certainly devolved on the defendant the burden of proving it.

In this he is not sustained by the answer of Sterman or any sufficient evidence in the cause.

Wherefore, the judgment is affirmed, with directions to render judgment against the defendant, Northcutt, for 10 per cent. damages on the amount of the judgment suspended by the supersedeas herein.